IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Milciades Alcantara, | ) |
| | ) CIVIL ACTION NO. 9:09-3326-RBH-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION**\ |
| Larry Powers, Teresa Speller and | ) |
| Lieutenant Hayes, | ) |
| | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who was a detainee at the Spartanburg County Detention Center at the time this action was filed, alleges violations of his constitutional rights by the named Defendants.

On May 7, 2010, an Order granting the Defendants' motion for an extension of time to file dispositive motions was mailed to Plaintiff. However, Plaintiff's copy of the Court's Order was returned to the Clerk of Court on May 14, 2010, with the envelope being marked "No Longer At This Institution".

The Court notes that when Plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing**...if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you . . . <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not**



1

**be excused by the Court.** (emphasis added)

See Order filed February 2, 2010.

Plaintiff has failed to comply with this order, and as a result neither the Court nor the Defendants have any means of contacting him concerning his case.

Based on the foregoing, and the previous instructions and specific warning given to the Plaintiff in the Court's order of February 2, 2010, it is recommended that this action be **dismissed, with prejudice**, in accordance with Rule 41(b), Fed.R.Civ.P.

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.

The parties are also referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

May 18, 2010
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

